[No. 24448. Department One. August 30, 1933.]

H. W. BUTCHEK *et al., Respondents,* v. HERBERT
COLLIER *et al., Appellants.*[1]

*A. C. Van Soelen, J. Ambler Newton,* and *George T.
McGillivray,* for appellants.

*Arthur Collett, Jr.,* and *Arthur E. Carr,* for respondents.

MITCHELL, J.—Section 10, article VIII of the Seattle
charter, provides:

"Sec. 10. IMPROVEMENTS MAY BE MADE BY CONTRACT
OR BY DAY LABOR:—All local improvements . . .
and such other improvements as the city council shall
by ordinance prescribe, may be made by contract to be
let to the lowest bidder therefor, under the management of the board of public works, or in the discretion
of said board the same or any part thereof, may be
done under the management of said board by day
labor, which board shall direct the purchase of materials and supplies necessary therefor. . . . "

Under that authority, the city passed an ordinance
authorizing and directing the board of public works to
proceed, in its discretion, by day labor, with new con-

[1]Reported in 24 P. (2d) 619.

struction work as an addition and betterment to the city's municipal water system. Pursuant to the ordinance, the board of public works adopted a resolution as follows:

"WHEREAS, The Board of Public Works was authorized under Ordinance No. 60483, approved Dec. 30, 1930, to proceed with the construction of a concrete lined reservoir at 6th Ave. S. W. and W. Cloverdale Street, said construction to be done by contract or by day labor, in the discretion of the Board of Public Works; and

"WHEREAS, Said ordinance appropriated the sum of $800,000 for said construction, of which sum $600,463.78 has been expended, leaving an unexpended balance of $199,536.22; and

"WHEREAS, It is desired to expend the further sum of $10,000 for the purpose of dressing and landscaping the slopes of the said reservoir, constructing an irrigating and sprinkler system, and providing for proper drainage,

"Now, THEREFORE, Be it resolved that the Superintendent of Water Works be, and he is hereby authorized to expend the sum of $10,000 for the purposes as herein stated, the work to be done by day labor, laborers to be chosen by the Superintendent of Water Works from among those persons who are unable to pay their bills for water service to the Water Department, and employment to be limited to not more than 5 days work for each person at a wage of $4.50 per day. Payment for labor is to be made by Water Department warrant after deducting the amount due the Water Department for water service."

While the work was being thus prosecuted by day labor, plaintiffs, H. W. Butchek and others, as taxpayers and civil service employees in the water department, temporarily out of work, brought this action to enjoin the prosecution of the work.

By general demurrer to the complaint, and by objections to the sufficiency of the evidence at the trial, the defendants contended, as they do in this court, that

the plaintiffs are not entitled to any relief. Judgment, however, was entered for them. Defendants have appealed.

The work enjoined was not operation and maintenance work, under the civil service rules, in connection with the water department, the cost of which latter service includes the salaries and wages of officers and employees embraced within official estimates under the budget law. It was separate and independent thereof—a single, detached or independent piece of construction work. The kind of labor enjoined was being performed by persons who had no office, place or employment of that regular, continuous kind within the civil service law. On the contrary, it was an exceptional class of work which, by specific provision of the charter, may be done by contract to the lowest bidder or by *day labor*. If other than by contract to the lowest bidder it had been the purpose of the charter to limit the labor for such improvement to officers, employees and laborers under the civil service, doubtless the charter would have so provided. It does not so provide.

Still further, the charter says such improvement may be done "by day labor," which words, reasonably considered as applied to this case, are too narrow to mean that continuity of service for which civil service is peculiarly and appropriately intended.

The purpose of the law was to provide two plans for the performance of such new construction, one by contract and the other by day labor, and the resolution expressly provides a choice of those two plans by selecting day labor.

Reversed, with directions to dismiss the action.

BEALS, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.